IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DERRICK JACKSON, | : | |
| Petitioner | : | |
| VS. | : | |
| Sheriff BUTCH REESE, | : | NO. 5:07-CV-158 (HL) |
| Respondent | : | **O R D E R** |
| _____ | : | |

Petitioner **DERRICK JACKSON**, a pretrial detainee at the Jones County Jail in Gray, Georgia, has filed a writ of habeas corpus petition. Petitioner is apparently awaiting trial on charges of identity theft. He alleges that he has been unconstitutionally denied bond. Because it appears that petitioner is not yet "in custody pursuant to the judgment of a State court," his claims arise under 28 U.S.C. § 2241. 28 U.S.C. § 2241(c); ***Medberry v. Crosby***, 351 F.3d 1049, 1060 (11th Cir. 2003).

On March 30, 2007, petitioner filed a similar petition for writ of habeas corpus in this Court. ***See Jackson v. Reese***, 5:07-cv-117 (CAR). By order dated April 11, 2007, Judge C. Ashley Royal dismissed said petition because petitioner failed to exhaust his available state court remedies.

Petitioner argues in his most recent filing that "the filing of a state habeas corpus action is not necessary in the exhaustion of state remedies.... Since counsel waived petitioner's rights to appeal and thus was ineffective petitioner has a right to federal judicial review under the habeas corpus statute." Contrary to petitioner's assertions, exhaustion is required before he can proceed in federal court with a habeas corpus petition. ***See Braden v. 30th Judicial Circuit Court***, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under section 2241 as well as section 2254); ***Thomas***

*v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies.").

Petitioner may pursue his state remedies and obtain review of any order denying him pre-trial bond by utilizing the interlocutory appeal procedures set forth in O.C.G.A. § 5-6-34(b). *Mullinax v. State*, 271 Ga. 112, 515 S.E.2d 839 (1999) (citing *Howard v. State*, 194 Ga. App. 857, 392 S.E.2d 562 (1990)). In addition, he may file a petition for writ of habeas corpus in the Georgia state courts concerning his claim that the refusal to grant bond was a violation of his constitutional rights. *Mullinax*, 271 Ga. at 112. Until petitioner pursues these avenues, his federal habeas action is premature.

Because petitioner has still not exhausted his state remedies, the instant petition, like petitioner's previously filed action, is **DISMISSED**.

**SO ORDERED**, this 1st day of MAY, 2006.

*s/  Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr